UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

GERLING AMERICA INSURANCE )
COMPANY et al., )
 )
    **Plaintiffs,** )
 )
    vs. ) Case No. 2:07CV00018MLM
 )
CONTINENTAL CEMENT CO, )
LLC/MISSOURI FUEL RECYCLER )
a/k/a MFR ENVIRONMENTAL SERVICES,)
 )
    **Defendants.** )

## MEMORANDUM OPINION

Before the court are the Motion to Dismiss and the Motion for More Definite Statement filed by Defendant Continental Cement Co., LLC/Missouri Fuel Recycler a/k/a MFR Environmental Services ("Defendant").[1] Doc. 9, Doc. 17. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). Doc. 8.

### I.
### BACKGROUND

The First Amended Complaint alleges as follows: all named Plaintiffs are incorporated in various states and have their principal places of business in various states; Defendant is a Missouri resident with its principal place of business in Missouri; Plaintiffs each provided property insurance to BASF Corporation (BASF") in 2002; all named Plaintiffs received an Assignment from BASF of

---

[1] Plaintiffs filed a Response to the Motion to Dismiss. Doc. 13. Defendant filed a Reply to the Motion to Dismiss. Doc. 16. Plaintiffs filed a Sur Reply to Defendant's Reply to the Motion to Dismiss. Doc. 24. Defendant filed a Reply to Plaintiff's Sur Reply to the Motion to Dismiss. Doc. 28. Plaintiffs filed a Response to the Motion for More Definite Statement. Doc. 20. Defendant filed a Reply. Doc. 23.

all its rights and claims against Defendant; Plaintiffs are the real parties in interest in this matter; at all times material to this action BASF operated a chemical plant in Freeport, Texas; prior to September 13, 2002, BASF contracted with Chemical Waste Management, Inc., ("CWM"), a commercial hazardous waste land disposal facility, for the disposal of a chemical substance, Cycloheranone Oxine (the "chemical substance"); a CWM employee assigned to BASF's facility arranged for the chemical substance to be delivered to Defendant whereby Defendant would use the chemical substance in one of its kilns as a fuel supplement; at the request of CWM and Defendant, BASF shipped the chemical substance in a steam-jacketed rail car; Defendant agreed to empty the rail car in its entirety using steam for the removal process; as is typical of the chemical substance, it solidified in the rail car; pursuant to the arrangement Defendant super-heated the chemical substance to transform it into a liquid form to facilitate its removal; Defendant erroneously determined that the chemical substance had been completely removed when, in fact, some of it remained in the tank; the rail car returned to the BASF facility where BASF's personnel discovered the remaining chemical substance in the tank; BASF then engaged Mundy Support Services, LLC, ("Mundy") to remove the remaining chemical substance; Mundy attempted to remove the remaining chemical substance using a lower temperature at a slower rate than previously used by Defendant; the slower removal process caused a chemical reaction which generated a highly explosive vapor and significant pressure; on September 13, 2002, the removal process resulted in an explosion at BASF's facility, causing damage to structures, contents, and BASF's business; and that Plaintiffs were obligated to pay and did pay property insurance proceeds to BASF for its property damage, extra expense, and loss of income.

On September 13, 2004, BASF filed Cause No. 30524 in the District Court of Brazoria County, Texas, ("Texas Cause of Action") against various defendants including Defendant. In the

Texas Cause of Action BASF sought damages allegedly sustained as a result of the above described explosion at its chemical plant. Pl. Ex. 4. Defendant filed a special appearance in the Texas Cause of Action and alleged that the Texas court did not have general or specific jurisdiction over it. On January 23, 2007, the Texas court sustained Defendant's special appearance and dismissed it from the Texas Cause of Action. Pl. Ex. 5.

Plaintiffs filed their Complaint against Defendant in the matter under consideration on March 23, 2007.[2] Doc. 1. Subsequently, Plaintiffs filed the First Amended Complaint. Doc. 12. In Count I of the First Amended Complaint, Plaintiffs allege negligence and/or gross negligence; in Count II, Plaintiffs allege negligence per se; in Count III, Plaintiffs allege strict liability; in Count IV, Plaintiffs allege breach of contract; and in Count V, Plaintiffs allege breach of third-party contract. Defendant alleges in the pending Motion to Dismiss that Plaintiffs' original Complaint was not timely filed; that Plaintiffs fail to state a claim upon which relief can be granted; and that, therefore, Plaintiffs' First Amended Complaint should be dismissed, with prejudice.[3]

### III.
### LEGAL STANDARD FOR A MOTION TO DISMISS

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion

---

[2] Plaintiffs' original Complaint was filed within sixty days of Defendant's dismissal from the Texas Cause of Action as provided by V.T.C.A. § 16.064, the Texas savings statute, which statute is fully set forth and discussed below.

[3] Defendant filed its Motion to Dismiss prior to Plaintiff's filing the First Amended Complaint. Because the First Amended Complaint is substantially identical to the initial Complaint, Defendant incorporated its Motion to Dismiss as its Motion to Dismiss the Amended Complaint. Doc. 16 at 2 n.1.

to dismiss a complaint must show "'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). See also Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). Upon considering a motion to dismiss a federal court must "tak[e] all facts alleged in the complaint to be true and constru[e] the pleadings in the light most favorable to the plaintiffs." Gregory v. Dillards, 2007 WL 2067853 (8th Cir. July 20, 2007).

> Further, in regard to a Rule 12(b)(6) motion, the Supreme Court holds:
>
> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citations omitted] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004) ... see, e.g., ... Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (" Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

Bell Atlantic, 127 S.Ct. at 1964-65.

Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable" Id. at 1965 (citation omitted). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its] claim." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

4

# IV.
# LEGAL FRAMEWORK and DISCUSSION OF MOTION TO DISMISS

**A.     Statute of Limitations:**

Defendant contends that the applicable statute of limitations is that of Texas; that Plaintiffs filed the original Complaint in excess of the time provided by this statute; and that, therefore, Plaintiffs' cause of action in this court should be dismissed. Defendant also argues that the Missouri tolling or savings statute is applicable and that pursuant to that statute Plaintiffs are not entitled to receive its benefit. Plaintiffs do not dispute that the Texas statute of limitations is applicable but argue that the Texas savings statute applies and that pursuant to this statute their cause of action is timely. Plaintiffs also contend that even if the Missouri savings statute were applicable, their cause of action is saved under the provisions of the Missouri statute. Alternatively, Defendant contends that if the Texas savings statute is applicable Plaintiff is not entitled to the benefit of that statute because the matter under consideration is not the same cause of action as the Texas Cause of Action and because there was an intentional disregard for proper jurisdiction in naming Defendant in the Texas Cause of Action.

As the matter under consideration is filed in federal court in Missouri this court must look to Missouri law to determine what statute of limitations is applicable. See Heating & Air Specialists, Inc., v. Jones, 180 F.3d 923, 928 (8th Cir. 1999); Whirlpool Corp. v. Ritter, 929 F.2d 1318, 1322 (8th Cir. 1991). In particular, Mo. Rev. Stat. 516.190, Missouri's borrowing statute, provides a "choice-of-law rule to determine the applicable statute of limitation for a cause of action based upon where it 'originates.'" Natalini v. Little, 185 S.W.3d 239, 243 (Mo. Ct. App. 2006) (citing Thompson by Thompson v. Crawford, 833 S.W.2d 868, 872 (Mo. 1992) (en banc)). As explained by the court in Raja v. Donnelly Meiners Jordan Kline, P.C., 193 F.3d 925, 928 (8th Cir. 1999), regarding Missouri's borrowing statute:

The operative term in the borrowing statute is where the action "originates." A cause of action originates under Missouri law "at the place where plaintiff's alleged damages stemming from the pleaded cause of action are sustained and capable of ascertainment." In re Master Mortgage Investment Fund, Inc., 151 B.R. 513, 516 (Bkrtcy.W.D.Mo.1993) (citations omitted). "[D]amages are 'sustained and capable of ascertainment' when the fact of damage can be discovered or made known." Jordan v. Willens, 937 S.W.2d 291, 294 (Mo. App.1996).

For purposes of Missouri's borrowing statute the term "'originated' ... is equivalent to the term 'accrued.'" Ferrellgas, Inc. v. Edward A. Smith, P.C., 190 S.W.3d 615, 620 (Mo. Ct. App. 2006). Further, under Missouri law there is no distinction between contract and tort claims upon determining where a cause of action originates for purposes of applying the borrowing statute. Id. ("Missouri law also does not distinguish between tort and contract claims in analyzing 'when' and 'where' a cause of action accrues. The applicable 'sustained and is capable of ascertainment' language applies both to torts and to breach of contract actions.") (citing Mo. Rev. Stat. § 516.100).[4]

According to the allegations of Plaintiffs' First Amended Complaint, the damages which are the subject of this lawsuit were sustained in Texas and were capable of ascertainment in Texas. See Raja, 193 F.3d at 928. As such, the court finds that Plaintiffs' cause of action originated in Texas. The court finds, therefore, that Texas's statutes of limitations are applicable to all counts of Plaintiffs' First Amended Complaint in the matter before this court. See Natalini, 185 S.W.3d at 243.

Additionally, Mo. Rev. Stat. § 516.190 provides that "[w]henever a cause of action has been fully barred by the laws of the state, territory or county in which it originated, said bar shall be a

---

[4] Mo. Rev. Stat. § 516.100 provides, in relevant part:

[F]or the purposes of sections 516.100 to 516.370, the cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment, and, if more than one item of damage, then the last item, so that all resulting damage may be recovered, and full and complete relief obtained.

6

complete defense to any action thereon, brought in any of the courts of this state." Thus, if the foreign state's laws bar a cause of action, the action is barred in Missouri. Nettles v. AT&T, 55 F.3d 1358, 1362 (8th Cir. 1995).

Texas law provides a two-year statute of limitations for claims of negligence, negligence per se, and strict liability. Tex. Civ. Prac. & Rem. Code § 16.003 (2007).[5] Texas law further provides a four-year statute of limitations for causes of action based on contracts. Tex. Civ. Prac. & Rem. Code § 16.051.[6] Plaintiffs' cause of action was, therefore, filed in excess of the applicable Texas two and four-year statutes of limitations. Tex. Civ. Prac. & Rem. Code § 16.064, however, is a tolling statute which provides as follows:

> (a) The period between the date of filing an action in a trial court and the date of a second filing of the *same action* in a different court suspends the running of the applicable statute of limitations for the period if:
>
> (1) because of lack of jurisdiction in the trial court where the action was first filed, the action is dismissed or the judgment is set aside or annulled in a direct proceeding; and
>
> (2) not later than the 60th day after the date the dismissal or other disposition becomes final, the action is commenced in a court of proper jurisdiction.
>
> (b) This section does not apply if the adverse party has shown in abatement that the first filing was made with intentional disregard of proper jurisdiction.

(emphasis added).

---

[5] Tex. Civ. Prac. & Rem. Code § 16.051 (2007) provides:

(a) Except as provided by Sections 16.010, 16.0031, and 16.0045, a person must bring suit for trespass for injury to the estate or to the property of another, conversion of personal property, taking or detaining the personal property of another, personal injury, forcible entry and detainer, and forcible detainer not later than two years after the day the cause of action accrues.

[6] Tex. Civ. Prac. & Rem. Code § 16.051 (2007) provides: "Every action for which there is no express limitations period, except an action for the recovery of real property, must be brought not later than four years after the day the cause of action accrues."

Defendant contends that the matter under consideration is not the "same action" because Plaintiffs in the matter under consideration were not the plaintiff in the Texas Cause of Action and that Plaintiffs' insured, BASF, was the plaintiff in the Texas Cause of Action. First, the case authority upon which Defendant relies for this point is based on Ohio law which specifically requires that the *plaintiff be the same* in order for a cause of action to be saved. See Doc. 16 at 6 (citing Children's Hosp. v. Ohio Dep't of Public Welfare, 433 N.E.2d 187, 190-91 (Ohio 1982) (citing R.C. §2305.19).[7] As noted by Plaintiffs, the Texas savings statute merely requires that *the cause of action be the same*, not that the plaintiff be the same. The Texas Cause of Action was for recovery of BASF's damages resulting from the explosion in the rail car containing the chemical substance. Likewise, the matter under consideration was filed by Plaintiffs to recover damages incurred by BASF from that explosion; both cases involved the same events, the same participants, the same explosion, and the same property damage. In any case, under Texas law as BASF's insurers and subrogees Plaintiffs may sue in BASF's name and stand in the shoes of BASF. See McClendon v. State Farm Mut. Auto. Ins. Co., 796 S.W.2d 229 (Tex. 1990) (holding that an insurance company suing for property damage in the name of its insured was the real party in interest).

As stated by Defendant, where there was an intentional disregard of proper jurisdiction in the filing of a lawsuit which lawsuit is dismissed for improper jurisdiction, a cause of action is not saved pursuant to Tex. Civ. Prac. & Rem. Code § 16.064(b). According to the First Amended Complaint

---

[7] R.C. §2305.19 provides, in relevant part:

(A) In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff ... the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later ... .

prior to September 13, 2003, the date of the explosion at issue, CWM assigned one of its employees to BASF's Texas facility for the purpose of waste management; CWM, through this employee, arranged for the chemical substance, which was located Texas, to be delivered to Defendant; and pursuant to this arrangement, the chemical substance was to be shipped by rail car from Texas to Defendant and Defendant was to empty the rail car in its entirety and use the chemical substance as a fuel supplement. Most significantly, the explosion and damage at issue in the Texas Cause of Action occurred in Texas. Also, as stated in BASF's Brief in Response to Defendant's Motion for Special Appearance in the Texas Cause of Action Defendant provided a "proposal/quote for its services in disposing of chemical waste from [BASF's] facilities in Freeport, Texas"; the chemical substance was sent to Defendant in a railcar from Texas; and the railcar was sent back to BASF's Texas facilities. Doc. 13, Ex. A at 2; Ex. A-1. See also "Hazardous Materials Accident Report" prepared by the National Transportation Safety Board, Ex. A-2 at 1-5. Under such circumstances it cannot be said that there was an intentional disregard of proper jurisdiction on the part of BASF in the Texas Cause of Action upon its suing Defendant in Texas. See e.g., Technical Consultant Servs. v. Dr. I.H. Rubaii, 861 F.2d 1357, 1361 (5th Cir. 1988).

To the extent that Defendant contends that the Missouri savings statute is applicable rather than the Texas statute, it is well established that under Missouri law that where a statute of limitations provision of foreign law is borrowed the foreign state's savings statute is likewise borrowed. See Mo. Rev. Stat. § 516.190; Great Plains Trust Co. v. Union Pacific R. Co., 492 F.3d 986, 995 (8th Cir. 2007) ("It is a generally accepted rule that when borrowing the statute of limitations of a foreign state, the applicable tolling provision of that state is borrowed as well.") (citing Thompson, 833 S.W.2d at 872 (citing Devine v. Rook, 314 S.W.2d 932, 935 (Mo. Ct. App.1958)); Eichenwald v.

9

Small, 321 F.3d 733, 738 (8th Cir. 2003).[8] The court finds, therefore, that the statutes of limitations of Texas and the savings statute of Texas, Tex. Civ. Prac. & Rem. Code § 16.064(b), are applicable in the matter under consideration; that Plaintiffs' cause of action is saved under the Texas savings statute; and that Plaintiffs' cause of action was timely filed.

Even if, assuming, arguendo, the Missouri savings statute were applicable in the matter under consideration, Plaintiffs' Complaint would nonetheless be timely as it was filed within the one year provided by the Missouri statute.[9] While the Missouri savings statute suggests that the plaintiff must be the same in both a dismissed action and a subsequently filed action in order for the cause of action to be saved, Missouri law provides that an insurer stands in the shoes of the insured where there has been an assignment; the First Amended Complaint alleges that all named Plaintiffs have received an assignment from BASF concerning the subject of this action. See e.g., Johnson v. Sweany, 68 S.W.3d 398, 402 (Mo. 2002) (holding that an insurer may assert any defense against an injured person which could have been asserted by an insured); Alsup v. Green, 517 S.W.2d 151, 153 (Mo. Ct. App. 1974) ("[T]he person so injured is the real party in interest as defined by the real party in interest statute, Section 507.010 V.A.M.S., until his 'entire or whole case has been assigned.'") (citing Hayes v. Jenkins, 337 S.W.2d 259, 261 (Mo. Ct. App. 1960)). The court finds, therefore,

---

[8] In support of their argument that the Texas savings statute is not applicable Defendant cites McDonald v. Ward, 919 S.W.2d 251, 252 (Mo. Ct. App. 1996). This case, however, is dependent upon an anomaly in the wrongful death statute.

[9] Mo. Rev. Stat. § 516.230 provides, in relevant part:

If any action shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370, and the plaintiff therein suffer a nonsuit, or, after a verdict for him, the judgment be arrested, or, after a judgment for him, the same be reversed on appeal or error, such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered or such judgment arrested or reversed; ... .

10

alternatively, that Plaintiffs' cause of action is saved under the Missouri savings statute, Mo. Rev. Stat. § 516.230.

**B.     Stating A Cause of Action:**

   1.     <u>Count I, Negligence</u>:

Defendant contends that Plaintiffs have failed to state a cause of action for negligence in Count I. The parties do not dispute that a negligence includes the following elements under both Texas and Missouri law: (1) the defendant had a duty; (2) the defendant breached that duty; (3) the breach was the proximate cause of the plaintiff's damages; and (4) the plaintiff actually incurred damages as a result. <u>Bray v. Brooks</u>, 41 S.W.3d 7, 15 (Mo. Ct. App. 2001). In the First Amended Complaint, as set forth above, Plaintiffs allege the factual basis for their claims against Defendant, including that BASF contracted with CWM for the disposal of the chemical substance; that CWM arranged for the chemical substance to be delivered to Defendant by rail car; that Defendant was to empty the entire rail car; that Defendant failed to do so; and that, therefore, the rail car was returned to Texas where Mundy was engaged to complete the removal of the chemical substance. Additionally, in Count I, Negligence, Plaintiffs allege that as a result Defendant had a duty to Plaintiffs to, among other things, obey the applicable standards of care and fulfill the representations it made to BASF in conjunction with the disposal of the chemical substance. Plaintiffs further allege, with specificity, the manner in which Defendant allegedly breached that duty including failing to insure proper and complete removal of the chemical substance and failing to recognize that some of the chemical substance remained in the tank. Further, Plaintiffs allege that as a result of Defendant's breach of its duty BASF suffered damages. As such, the court finds that Plaintiffs have given Defendant fair notice of its claim for negligence and the grounds upon which it rests. <u>See</u> <u>Bell Atlantic</u>, 127 S.Ct. at 1964. The court further finds that Plaintiffs have sufficiently alleged a cause

11

of action for negligence in Count I and that Defendant's motion in this regard should be denied. Fed. R. Civ. P. 12(b)(6)

To the extent that Plaintiffs allege gross negligence in addition to negligence in Count I, there is no such additional cause of action under Missouri law. See Sherrill v. Wilson, 653 S.W.2d 661, 664 (Mo. 1983) ("There are no degrees of negligence."). Therefore, if it is later determined that Missouri law is applicable to Plaintiffs' negligence claims, Plaintiff's claim for gross negligence will be dismissed.

Under Texas law gross negligence requires the following: (1) an objective view that an act or omission involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and (2) the actor must have actual subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others. Dillard Dep't Stores, Inc. v. Silva, 148 S.W.3d 370, 373 (Tex. 2004). The court has set forth above the general allegations of Plaintiffs' First Amended Complaint in addition to the allegations of Count I. Additionally, in Count I Plaintiffs allege that Defendant knew or should have known of the reasonable possibility that improper removal of the chemical substance would cause loss and damage to BASF's property. As such, the court finds that Plaintiffs have given Defendant fair notice of its claim for gross negligence and the grounds upon which it rests. See Bell Atlantic, 127 S.Ct. at 1964. The court further finds that in Count I Plaintiffs have sufficiently alleged a cause of action for gross negligence under Texas law and that Defendant's motion in this regard should be denied. See Fed. R. Civ. P. 12(b)(6)

    2.    <u>Count II, Negligence Per Se</u>:

Defendant contends that Plaintiffs have failed to state a cause of action for negligence per se. A claim for negligence per se requires, both under Missouri and Texas law, as follows: (1) a violation

of a statute or ordinance; (2) the injured plaintiff was a member of the class of persons intended to be protected by the statute; (3) the injury complained of was the kind the statute was designed to prevent; and (4) the violation of the statute or ordinance was the proximate cause of the injury. Sill v. Burlington N. & Sante Fe Ry., 87 S.W.3d 386, 392 (Mo. Ct. App. 2002); Perry v. S.N., 973 S.W.2d 301, 305 (Tex. 1998).

The court has set forth above the general allegations of Plaintiffs' First Amended Complaint as well as the specific allegations of Count I which are incorporated by reference in Count II, Negligence Per Se. Additionally, in Count II, Plaintiffs allege that Defendant had a duty to comply with all applicable laws, regulations and ordinances; that Defendant violated applicable laws by engaging in specified conduct; that BASF was a member of the class of persons intended to be protected by the applicable laws; that BASF suffered damages as a result of Defendant's conduct; and that the laws which Defendant violated were enacted for safety purposes. While Plaintiffs, have not specified the particular statutes, ordinances, or regulations which Defendant allegedly violated, Plaintiffs allege that Defendant, among other things, improperly handled/removed chemical and/or hazardous substances and that Defendant lacked a hazard communication program. The court finds, therefore, that Plaintiffs have given Defendant fair notice of its claim for negligence per se and the grounds upon which it rests. See Bell Atlantic, 127 S.Ct. at 1964. The court further finds that in Count II Plaintiffs have sufficiently alleged a cause of action for negligence per se and that Defendant's motion in this regard should be denied. See Fed. R. Civ. P. 12(b)(6).

    3.    Count III, Strict Liability:

Defendant contends, and Plaintiffs agree, that Texas does not recognize strict liability for Plaintiffs' claims in the matter under consideration. As such, the court finds that in the event it is determined that Texas law is applicable to Plaintiffs' claim for strict liability, this claim will be

13

dismissed. Defendant also contends that Plaintiffs have failed to state a cause of action for strict liability under Missouri law. Under Missouri law, to state a claim for strict liability a plaintiff must allege that: (1) the defendant's activity created a high degree or risk or harm; (2) the harm has been and will be significant; (3) the risk cannot be eliminated; and (4) the harm outweighs the value of the activity. <u>Rychnovsky v. Cole</u>, 119 S.W.3d 204, 211 (Mo. Ct. App. 2003). The court has set forth the general allegations of Plaintiffs' First Amended Complaint as well as the allegations of Counts I and II which are incorporated by reference in Count III, Strict Liability. Significantly, in ¶ 33 of the First Amended Complaint Plaintiffs allege that Defendant "as an environmental service facility was under a duty to obey the requirements of common law, the applicable standards of care, and to fulfill the representations that it made to BASF in conjunction with the disposal of the chemical substance." Additionally, in Count III, Plaintiffs allege that Defendant acted negligently and/or unreasonably in its removal and handling of the chemical substance and that as a result BASF suffered damages. The court finds, therefore, that a fair reading of the First Amended Complaint sufficiently alleges the elements of strict liability and that Plaintiffs have given Defendant fair notice of their claim for strict liability under Missouri law and the grounds upon which it rests. <u>See</u> <u>Bell Atlantic</u>, 127 S.Ct. at 1964. The court further finds that Plaintiffs have sufficiently alleged in Count III a cause of action for strict liability under Missouri law and that Defendant's motion in this regard should be denied. <u>See</u> Fed. R. Civ. P. 12(b)(6).

    4.    <u>Superceding Intervening Cause</u>:

Defendant contends that Counts I, II, and III should be dismissed because Plaintiffs have alleged on the face of the First Amended Complaint that the conduct of Mundy, not Defendant, was the sole proximate cause of BASF's damages. To the contrary, the First Amended Complaint alleges

that Defendant's conduct, taken separately or collectively constitutes a proximate cause of BASF's damages.

While the "general test for proximate cause is whether an injury is the natural and probable consequence of the defendant's negligence," "[e]ach case is decided on its own facts." Daniels v. Senior Care, Inc., 21 S.W.3d 133, 138 (Mo. Ct. App. 2000). See also Connaway v. Village Farms, L.P., 200 S.W.3d 353 (Tex. Ct. App. 2006). Under Missouri law, in order for a question of whether a defendant was negligent to go to the jury, a plaintiff need only present "slight evidence." Daniels, 21 S.W.3d at 139 (citing Keeney v. Callow, 349 S.W.2d 75, 80 (Mo.1961)). See also Stroot v. Taco Bell Corp., 972 S.W.2d 447, 449 (Mo. Ct. App. 1998) (holding that whether proximate cause exists is generally a question of fact for the jury). Under Texas law, even where damage is immediately inflicted by another, the negligence of the original tort-feasor may be the proximate cause of a plaintiff's damage so as to impose liability upon the defendant. Hold v. Ray, 435 S.W.2d 568, 771 (Tex. Ct. App. 1968). Moreover, "[w]here injury or damage has resulted from a wrongful act which is the original cause of an event, in that, such event is a part of a chain of events set in motion by a party, such party may be held responsible for the total result." Id. (citation omitted). Thus, in the matter under consideration, given the facts alleged in the First Amended Complaint, whether or not Mundy's conduct was a superceding intervening cause of BASF's damages is a question of fact for the jury and is not an issue to be determined upon a motion to dismiss.

To the extent that Defendant contends that Mundy's conduct was the sole proximate cause of BASF's damages because it was a superseding, intervening cause, according to both Missouri and Texas law, an intervening cause must be of a wholly "independent," "distinct," "successive," 'unrelated' ... character." Jordan, 675 S.W.2d at 903. See also Bell v. Campbell, 434 S.W.2d 117, 120 (Tex. 1968). Plaintiffs allege in the First Amended Complaint that Defendant did not dispose of

15

the chemical substance; that as a result the rail car was returned to Texas where Mundy was engaged to remove the remaining substance; that the removal process resulted in an explosion; and that Defendant's conduct as articulated in the First Amended Complaint was a proximate cause of BASF's damages. Additionally, Plaintiffs allege that Defendant knew or should have known of the reasonable possibility that improper removal of the chemical substance would cause loss and damage to BASF's property. In the matter under consideration the court, therefore, the court cannot say, as a matter of law, based on the allegations of the First Amended Complaint that Mundy's conduct was an intervening cause so as to sever the causation between Defendant's negligence and Plaintiffs' injury. Jordan, 675 S.W.2d at 903; Bell, 434 S.W.2d at 120. As such, the court finds, contrary to Defendant's assertion in its Motion to Dismiss, that Plaintiffs have not alleged on the face of the First Amended Complaint that Mundy's conduct was the sole proximate cause of BASF's damages. The court finds, therefore, that Defendant's motion in this regard should be denied. See Fed. R. Civ. P. 12(b)(6).

     5.     <u>Count IV, Breach of Express and/or Implied Contract</u>:

Defendant contends that Plaintiffs have failed to state a cause of action for breach of express and/or implied contract including that Plaintiffs do not allege the terms of the agreement upon which Defendant's liability lies. Under both Missouri and Texas law the essential terms of a contract include offer, acceptance of the terms of the offer, a meeting of the minds, and execution and delivery of the contract with the intent of becoming bound. <u>Tower Props. Co. v. Allen</u>, 33 S.W.3d 684, 688 (Mo. Ct. App. 2000); <u>Hallmark v. Hand</u>, 885 S.W.2d 471, 476 (Tex. Ct. App. 1994). The court need not reiterate the allegations of Plaintiffs' First Amended Complaint as set forth above. Despite Defendant's assertion to the contrary, Plaintiffs' First Amended Complaint includes each of the essential elements of a contract including, in ¶ 49, an allegation that BASF and Defendant entered into

16

an express and/or implied agreement whereby Defendant promised to empty the chemical substance from a rail car pursuant to all applicable rules in a manner which would not result in an unreasonable risk of harm. As such, the court finds that Plaintiffs have given Defendant fair notice of their claim based on contract and the grounds upon which it rests. See Bell Atlantic, 127 S.Ct. at 1964. The court further finds that Plaintiffs have sufficiently alleged a cause of action based on contract in Count IV and that Defendant's motion in this regard should be denied. See Fed. R. Civ. P. 12(b)(6).

      6.      <u>Count V, Breach of Third-Party Beneficiary Contract</u>:

The court has set forth above the allegations of Plaintiffs' First Amended Complaint which are incorporated by reference in Count V, Breach of Third-Party Beneficiary Contract, including that BASF contracted with CWM for disposal of the chemical substance and that CWM arranged for the chemical substance to be delivered to Defendant. Additionally, in Count V, Plaintiffs allege that enforceable and valid contracts existed between CWM and Defendant regarding the disposal of the chemical substance; that the contracts between CWM and Defendant demonstrate the parties' intent to confer direct benefit to BASF; that BASF was intended to be a third-party beneficiary of the contracts between CWM and Defendant; and that as a result of Defendant's breach of the contracts BASF suffered damages. As such, the court finds that Plaintiffs have given Defendant fair notice of their claim based on third- party beneficiary contract and the grounds upon which it rests. See Bell Atlantic, 127 S.Ct. at 1964. The court further finds that Plaintiffs have sufficiently alleged a cause of action based on third-party beneficiary contract in Count V and that Defendant's motion in this regard should be denied. See Fed. R. Civ. P. 12(b)(6).

      7.      <u>Punitive Damages</u>:

Defendant contend that Plaintiffs have fail to state a claim for punitive damages. To property state a claim for punitive damages a compliant must allege malice, knowledge, or intent of the defendant. Willett v. Slay Warehousing Co., 735 S.W.2d 60, 62 (Mo. Ct. App. 1987); Amoco Prod. Co. v. Alexander, 622 S.W.2d 563, 571 (Tex. 1981). In ¶ 59 of the First Amended Complaint Plaintiffs allege that Defendant's conduct as alleged in the proceeding paragraphs of the First Amended Complaint showed complete indifference and conscious disregard and that this misconduct justifies a damage award to punish Defendant and to deter others from engaging in similar conduct. As such, the court finds that Plaintiffs have given Defendant fair notice of their claim based on punitive damages and the grounds upon which it rests. See Bell Atlantic, 127 S.Ct. at 1964. The court further finds that Plaintiffs have sufficiently alleged a cause of action for punitive damages in Count V and that Defendant's motion in this regard should be denied. See Fed. R. Civ. P. 12(b)(6).

## V.
## MOTION FOR MORE DEFINITE STATEMENT

In the Motion for More Definite Statement Defendant requests that in the event the court denies its Motion to Dismiss that it order Plaintiffs to make a more definite statement regarding certain allegations of the First Amended Complaint. In particular, Defendant contends that the First Amended Complaint lacks sufficient specificity with respect to the following:

(a)   The nature and source of duties which Defendant owed Plaintiffs or their insured;

(b)   The specific duty or duties which Defendant allegedly breached regarding how Defendant had a duty to keep BASF and Mundy from exploding the chemical substance;

(c)   The specific statutory, ordinance, or regulatory provisions which Defendant allegedly breached regarding Plaintiffs claim of negligence per se.

(d)   The specific terms of any contract(s) which Defendant allegedly breached; and

(e)   The mutual promises of the parties.

Defendant also contends that Plaintiffs have failed to allege the requirements of common law, the standards of care, or specific representations which Defendant allegedly made to BASF or Plaintiffs; that Plaintiffs have failed to allege how Defendant's alleged conduct entitles them to recover in strict liability; and that neither Counts IV or V provide notice as to what contract is at issue or what its terms were.

Fed. R. Civ. P. 12(e) provides, in relevant part:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

This court has discussed above, in detail, the allegations of Plaintiff's First Amended Complaint. Upon this court's examination of Plaintiffs' First Amended Complaint the court finds that it is not vague or ambiguous so that Defendant cannot reasonably be required to frame a responsive pleading. See Fed. R. Civ. P. 8(a)(2). The court will, therefore, deny Defendant's Motion for a More Definite Statement.

## VI.
## CONCLUSION

For the reasons more fully set forth above the court finds that Plaintiffs' Complaint was timely filed and that Plaintiffs have stated causes of action in Counts I-V and for punitive damages, with the exception that Plaintiffs have failed, in Count I, to state a cause of action for gross negligence under Missouri law and in Count III, for strict liability under Texas law. The court further finds that Defendant's Motion to Dismiss and Defendant's Motion for More Definite Statement should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by Defendant is **DENIED**; Doc. 9.

**IT IS FURTHER ORDERED** that in the event this court determines that Missouri law is applicable to Plaintiffs' claim of gross negligence in Count I that claim will be dismissed;

**IT IS FURTHER ORDERED** that in event this court determines that Texas law is applicable to Plaintiffs' claim of strict liability in Count III that claim will be dismissed;

**IT IS FURTHER ORDERED** that to the extent Defendant contends that Plaintiffs' Complaint was filed untimely, the Motion to Dismiss is **DENIED**;

**IT IS FURTHER ORDERED** that to the extent that Defendant contends that Plaintiffs have failed to state a cause of action for negligence, gross negligence under Texas law, negligence per se, breach of express and/or implied contract, strict liability under Missouri law, breach of third-party beneficiary contract, and punitive damages the Motion to Dismiss is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant's Motion for More Definite Statement is **DENIED**; Doc. 17.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this <u>20th</u> day of September, 2007.